IN THE US DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Bonfire, LLC | ) |
| | ) |
|     Plaintiff | ) |
| v. | )   Case Number: |
| | ) |
| Michael R. Zacharia & | ) |
| 1132 19th Street NW, LLC | ) |
| | ) |
|     Defendants | ) |

## COMPLAINT

COMES NOW Plaintiff Bonfire, LLC, through under-signed counsel to seek judgment under breach of contract and fraud from Defendants Michael R. Zacharia (Zacharia) and 1132 19th Street NW, LLC.

1. Plaintiff is a limited liability company organized under the laws of the District of Columbia.

2. Defendant Zacharia is a resident of Virginia and can be served at 1861 International Drive, Suite 300, McLean, VA 22102.

3. Defendant 1132 19th Street NW, LLC is a limited liability company organized and in good standing in the Commonwealth of Virginia and can be served upon its registered agent Lance CJ Marine at 10000 Thompson Ridge Court, Great Falls, VA 22066.

## Jurisdiction

4. Jurisdiction in the US District Court for the District of Columbia is proper under 28 USC § 1332, diversity of parties where the amount of dispute exceeds $75,000.

## Background

5. On September 18, 2014 Plaintiff and Defendants entered into a Lease Agreement to operate a restaurant at 1132 19th Street NW, Washington, DC 20036 (Property).

6. During lease negotiations, Plaintiff sought a right of first refusal to purchase the Property in case of a sale to a third party. Defendant Zacharia agreed to inform Plaintiff in case of sale of the Property and an opportunity to match the purchase price and buy the Property. Plaintiff asked for the clause to be included in the lease but Defendant assured Plaintiff that Defendant would honor a right of first refusal.

7. Plaintiff orally confirmed with Defendant that he could afford to buy the Property and Defendant since 2014 until present did not revoke Plaintiff's right of first refusal.

8. Defendant Zacharia served as the commercial real estate broker for the Property and in his communications requiring approval of

Property owners never identified himself as a co-owner of the Property.

9. In April 2016, Defendant asked Plaintiff to execute a Tenant Estoppel Certificate ("Estoppel") and a Subordination, Non-Disturbance and Attornment Agreement ("SNDA") required by a bank without informing Plaintiff that the Agreement was due to an impending sale of the Property.

10. Soon thereafter, Defendants sold the Property without informing Plaintiffs and without offering Plaintiffs the chance to purchase, although Plaintiff was ready, willing and able to perform.

11. Despite having an executable lease with the new owner of Property, Plaintiff lost the opportunity to save years of lease payments due to Defendant's conduct failing to notify Property's sale.

12. Because of defaults and failure of disclosures by Defendants, Plaintiff did not get the benefit of the bargain sought in the original lease negotiations and signing the new papers requested by Landlord in April 2016.

**FIRST CLAIM**
**(For Breach of Contract against Defendant)**

13. Plaintiff incorporates and realleges each of the allegations from paragraphs 1-12 as though fully set forth herein and further allege as follows.

14. Plaintiff specifically sought inclusion of a right of first refusal to purchase Property when negotiating the Lease in 2014.

15. Defendants never denied Plaintiff a right of first refusal and orally promised to inform Plaintiff of an impending sale of Property and the right to purchase at or above the offered price.

16. Plaintiff relied on these verbal assurances and did not insist on including a clause as long as Defendants would honor the verbal agreement.

17. In April 2016, Defendants agreed to sell the Property to a third party (Buyer) without informing or allowing Plaintiff to meet the purchase price.

18. On April 15, 2016, Defendant demanded Plaintiff sign the Estoppel and SNDA pursuant to Plaintiff's obligations under Section 15 of the Lease in which the Plaintiff was forced to admit that it has no right of first refusal to purchase the Property.

19. Plaintiff was required to execute such documents in order to remain compliant with Section 15 of its Lease and had no prior notice of the sale of the Property.

20. Plaintiff signed the Estoppel under such duress which invalidates the waiver of its right of first refusal.

21. Plaintiff currently pays annual rent of $325,000 for its restaurant at the Property.

22. Purchase of the Property at the approximate sale price of $6,000,000 would have relived Plaintiff of the annual rent obligations if it were the new Property owner.
23. Plaintiff has performed its obligations and is entitled to expectation damages of rent payment savings for the entire Lease period through 2030.
24. Defendants breached their agreement by selling Property to third party without allowing Plaintiff to purchase Property.
25. As a direct and proximate consequence of Defendant's material breaches, Plaintiff has suffered damages in an amount to be proven at trial, which damages exceed approximately $2 million.

## SECOND CLAIM
### (For Fraud against Defendants)

26. Plaintiff incorporates and realleges each of the allegation from paragraphs 1-25 as though fully set forth herein and further allege as follows.
27. Plaintiff relied on Defendants' representations that any proposed sale of the Property would be disclosed with Plaintiff being allowed to buy it at the proposed sale price or more.
28. Defendants misled Plaintiff by demanding Plaintiff execute the Estoppel and SNDA documents on April 15, 2016 ostensibly for bank requirements without disclosing beforehand the impending sale for which the documents were required.
29. Plaintiff signed the Estoppel and SNDA under duress and threat of violating Section 15 of the Lease after the Property sale to the third party was complete.

30. Defendants sold the Property to Margana Corp. on April 12, 2016 without informing Plaintiff of the offer and impending sale until 3 (three) days after the Property sale.

31. As a direct and proximate consequence of Defendants' fraudulent withholding of disclosure and coerced acknowledgment that no right of first refusal exists, Plaintiff has suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

1. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    i) Entering judgment for $2,000,000 against Defendants based upon expected profit from Agreement with Plaintiffs upon sale of Property with a right of first refusal;

    ii) Awarding damages to be proven at trial for fraud;

    iii) Awarding attorney's fees and court costs associated with filing this action; and

    iv) Providing any other award the court deems appropriate.

**WHEREFORE**, Plaintiff moves that this Court find in the Plaintiff's favor and order relief sought from the Defendant.

Respectfully submitted,

_____/s/_____
Faisal M. Gill, USDC Bar #497312

GILL LAW FIRM
1155 F Street Suite NW, Suite 1050
Washington, DC 20004
fgill@glawoffice.com
Phone: 310-418-6675
Fax: 202-318-4331
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2016 I served a true copy of the forgoing Complaint to each of the Defendants via personal service.


_____/s/_____
Faisal M. Gill